UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ILKER AYINDER,<br><br>                              Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE, Warden, Otay Mesa Detention Center, San Diego, California; PATRICK DIVVER, Field Office Director, San Diego Office of Detention and Removal, U.S. Immigration and Customs Enforcement; U.S. Department of Homeland Security; TODD M. LYONS, Acting Director, Immigration and Customs Enforcement, U.S. Department of Homeland Security; KRISTI NOEM, Secretary, U.S. Department of Homeland Security; and PAM BONDI, Attorney General of the United States, in their official capacities,<br><br>                              Respondents. | Case No.: 26-cv-0566-JES-MSB<br><br>**ORDER:**<br><br>**(1) GRANTING PETITION IN PART; and**<br><br>**(2) ORDERING BOND HEARING**<br><br>**[ECF No. 1]** |

//

//

//

1

Before the Court is Petitioner Ilker Aydiner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"), filed on January 29, 2026. ECF No. 1. Respondents responded to the Petition on February 3, 2026 (ECF No. 4), and Petitioner filed a Traverse on February 4, 2026 (ECF No. 6).

The parties agree that Petitioner is entitled an order for a bond hearing from this Court. ECF Nos. 1 at 19; 4 at 2; 6 at 7. The Court notes that while Respondents state that Petitioner is part of the Bond Eligible class in *Maldonado Bautista*, at least one court has disagreed. *See Xie v. LaRose,* No. 3:25-CV-03649-RBM-MSB, 2026 WL 92066, at *1-2 (S.D. Cal. Jan. 13, 2026) (finding that petitioner who had previously been apprehended upon arrival and released on conditional parole was not part of the class). Regardless, however, the Court does agree with Respondents that Petitioner's re-detention is governed by 8 U.S.C. § 1226 rather than § 1225, irrespective of and independently from *Maldonado Bautista*. The Court has previously held that where a petitioner is apprehended at the border, paroled into the country, and had been residing in the country when he was re-detained, his detention is governed by § 1226. *See, e.g.*, *Martinez Lopez v. Noem et al.*, No: 25-cv-2717-JES-AHG, 2025 WL 3030457, at *4-5 (S.D. Cal. Oct. 30, 2025) (explaining reasoning and citing cases); *Beltran et al. v. Noem et al.*, No. 25-cv-2650-LL-DEB, 2025 WL 3078837, at *3-4 (S.D. Cal. Nov. 4, 2025) (holding same); *Garcia v. Noem*, No. 25-cv-3759-LL-BLM, 2026 WL 194745, at *2 (S.D. Cal. Jan. 26, 2026) (same).

Petitioner additionally requests an expedited timeline for a bond hearing due to his uncontested and documented medical conditions. ECF Nos. 1 ¶¶ 25-29; 6 ¶ 11. Considering these issues, and Respondents' concession regarding Petitioner's detention, the Court finds it proper to order a bond hearing within seven days of this order.

Accordingly, the Court **GRANTS** the Petition in part and **ORDERS** Respondents to provide Petitioner with a bond determination hearing under 8 U.S.C. § 1226(a) within **seven days** of this Order. At the hearing, Respondents may not deny Petitioner bond on the basis that he is detained under 8 U.S.C. § 1225(b)(2). Respondents are **ORDERED** to

26-cv-0566-JES-MSB

File a Notice of Compliance within **five days** of providing Petitioner with a bond redetermination hearing, including apprising the Court of the results of the hearing.

Because the requested relief is granted, the Court **DENIES** the remainder of Petitioner's claims as moot. The Clerk of the Court is directed to close this case.

**IT IS SO ORDERED.**

Dated: February 4, 2026

Honorable James E. Simmons Jr.
United States District Judge

26-cv-0566-JES-MSB